UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | 1:25-mj-00089-MJS |
| EMILY GABRIELLA SOMMER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

### GOVERNMENT'S MOTION FOR REVOCATION OF
### DEFENDANT'S CONDITIONS OF RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves for revocation of Defendant Emily Gabriella Sommer's conditions of release pursuant to 18 U.S.C. § 3148(b). In support thereof, the United States relies on the following facts and legal authority and any such facts and legal authority previously presented in this case.

### BACKGROUND AND PROCEDURAL HISTORY

On May 8th, 2025, at approximately 3:30 p.m., in front of 601 D Street Northwest in Washington, D.C., Edward R. Martin Jr., who will hereinafter be referred to as V-1, was conducting a video-recorded interview with the Newsmax television network. At the time, V-1 was the interim U.S. Attorney for the District of Columbia.

During the interview, Suspect-1, later identified as Emily Gabriella SOMMER, the Defendant, approached V-1 and stated words to the effect of, "Who in the fuck are you?" V-1 turned to face SOMMER. SOMMER then said words to the effect of, "Are you Ed Martin? You are. Ed Martin." Next, SOMMER lunged at V-1 and spit on V-1's left shoulder. SOMMER then walked eastbound on D Street Northwest and yelled, "You are a disgusting man. Fuck you, Ed Martin. My name is Emily Gabriella SOMMER, and you are served."

Investigators queried the name "Emily Gabriella Sommer" in law enforcement databases and identified the Defendant. Investigators also learned that the Defendant is associated with Address-1. Investigators showed an employee at Address-1 a still image from video footage of the incident. The employee positively identified SOMMER and confirmed SOMMER lives at Address-1.

Investigators identified the X (formerly Twitter) user @EmilyGabriellaS with the display name Lefttits and determined that SOMMER is the account holder for that X account. The @EmilyGabriellaS X account contains a profile picture that appears similar to known photographs of SOMMER.



Moreover, records provided by X show that the account is associated with Phone Number-1. Law enforcement queried Phone Number-1 in a law enforcement database and learned that Phone Number-1 is associated with the Defendant.

On May 8, 2025, shortly after the assault, from approximately 6:03 p.m. to 6:10 p.m., the @EmilyGabriellaS X account made several posts related to the assault including the following comments on the victim's personal X page.











V-1 uses the X username @EagleEdMartin.

On May 22, 2025, the Defendant was arrested and charged by complaint with one count of Assaulting, Resisting, or Impeding A Government Official in violation of 18 U.S.C. § 111(a)(1). In the course of the arrest, the Defendant kicked and spit on one Deputy United States Marshal and kicked another Deputy United States Marshal.

The Government did not request pretrial detention, and the Defendant was released subject to conditions under 18 U.S.C. § 3142(c)(1)(B). One of the conditions imposed by this Court requires that the Defendant "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: AUSA [sic] Ed Martin." Order Setting Conditions of Release, May 22, 2025, ECF No. 8, Pg. 2.

On June 3, 2025, law enforcement observed that the Defendant made the following publicly viewable posts on X:



As shown above, one post includes a "Mention" of the victim and includes language directed specifically at the victim ("you mad, bro?" and "you got fired, and then caught a loogie to the shoulder"). On X, a "Mention" is a post that contains another person's username in the body of the post. When an X user makes a Mention of another user, the mentioned user will generally see the post in the mentioned user's Notification tab. Depending on a user's settings, a Mention may also cause a user to receive a push notification.[1] Another post includes language directed specifically at the victim ("Fuck you, Ed … I'll make sure [Washington, D.C.] eats you alive and spits you back out, like the felony 'assault' you've alleged").

The Defendant's release order contains the following statement, which the Defendant acknowledged at the initial appearance:

"Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both." ECF No. 8, Pg. 4.

## REQUEST FOR REVOCATION

The United States respectfully requests that the Defendant's release be revoked, pursuant to 18 U.S.C. § 3148(b)(1)(B) and (2)(B), which provides that the Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer" finds that there is "clear and convincing evidence that the person has violated any other condition of release" and finds that "the person is unlikely to abide by any condition or combination of conditions of release."

---

[1] A description of X Mentions and Replies is available at: https://help.x.com/en/using-x/mentions-and-replies.

Here, there is clear and convincing evidence that the Defendant violated a condition of release. Specifically, using the X account with the username @EmilyGabriellaS, the Defendant made direct digital contact with the victim by making posts that included a statement directed at the victim and "Mentioned" the Victim's personal X account, which would likely cause the post to appear in the Notifications tab of the victim's X account. The posts therefore violated this Court's order to "avoid all contact, directly or indirectly" with the victim.

The @EmilyGabriellaS account is attributable to the Defendant for several reasons. Specifically, the account username includes the Defendant's first and middle names and last initial as well as a profile picture that appears similar to known photographs of the Defendant. In addition, subscriber information for the X account includes a phone number that is separately linked to the Defendant in a law enforcement database. Moreover, as shown in the above-referenced posts, the account user took credit for the charged assault shortly after the assault took place.

The Defendant's conduct demonstrates that the Defendant is unlikely to abide by any condition or combination of conditions of release. In particular, the charged assault and subsequent assaults on law enforcement officers demonstrate the Defendant's unwillingness to abide by the law and comply with lawful authorities.[2] Likewise, the Defendant's recent X posts demonstrate a disregard for the conditions of release set by this Court, which the Defendant agreed to follow less than two weeks ago.

**CONCLUSION**

---

[2] The Government may also seek additional charges arising from the Defendant's conduct including additional counts under 18 U.S.C. § 111 for the assaults on law enforcement officers and potential violations of 18 U.S. Code § 2261A(2) and related offenses arising from the Defendant's ongoing harassing conduct towards the victim.

WHEREFORE, the government respectfully requests that this Court grant the government's motion to modify the Defendant's conditions of release and revoke the release conditions in this case.

Respectfully submitted,

Jeanine F. Pirro
U.S. Attorney
NY Bar Number 1387455

By:   /s/ *Jacob M. Green*
      Jacob M. Green
      Assistant United States Attorney
      MA Bar Number 706143
      United States Attorney's Office
      601 D Street, N.W.
      Washington, D.C.  20530
      Telephone: (202) 803-1617
      Email: Jacob.green3@usdoj.gov