UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | 1:25-cr-00164-JMC |
| **EMILY GABRIELLA SOMMER,** | : | |
| | : | |
| **Defendant.** | : | |

### GOVERNMENT'S MOTION TO EXCLUDE TIME DURING WHICH THE DEFENDANT WAS UNDERGOING COMPETENCY EXAMINATIONS IN D.C. SUPERIOR COURT

The United States of America, by and through its undersigned counsel, respectfully submits this motion to exclude, in computing the time within which the trial must commence, the delay resulting from competency evaluation proceedings which the Defendant underwent in D.C. Superior Court during the pendency of this case.

1. On June 5, 2025, the Defendant was charge by Indictment with one count of Assaulting a Federal Official, 18 U.S. Code § 111.

2. On June 6, 2025, the Defendant was separately charged in D.C. Superior Court Case Number 2025 CMD 6354 with one count of Destruction Property, 22 D.C. Code § 303.

3. On June 6, 2025, a Superior Court Judge ordered a preliminary screening to determine the Defendant's competency. The Judge's order notes that the issue of the Defendant's competency was raised to the court and the examination was ordered because of "odd or bizarre behavior or manifestation of chronic mental disorder." Gov. Ex. 1.

4. The Defendant's evaluation was scheduled to take place on June 12, 2025. However, according to a report submitted by the D.C. Department of Behavioral Health, that evaluation did not take place because the Defendant appeared to be "too unstable." Correctional

1

Treatment Facility (CTF) staff reported that the Defendant was banging on the walls, laughing to herself, and accusing staff of feeding her poisoned water. Gov Ex. 2.

5. On June 24, 2025, a psychologist with the Department of Behavioral Health opined, following a competency examination of the Defendant, that the Defendant is competent to stand trial. Gov Ex. 3.

6. On June 25, 2025, a D.C. Superior Court Judge found the Defendant competent to stand trial in Case Number 2025 CMD 6354.

7. Incompetence is an absolute bar to a criminal trial. *Drope v. Missouri*, 420 U.S. 162, 173 (1975); *see also Vogt v. United States*, 88 F.3d 587, 590 (8th Cir. 1996) ("Due process prohibits the trial and conviction of a defendant who is mentally incompetent.") (citing *Drope*, 420 U.S. at 172).

8. Pursuant to 18 U.S.C. § 4241(a), the government or defendant may move the court to determine the mental competency of a defendant "any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence." The court must grant the motion, or hold a hearing on its own motion, "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." § 4241(a).

9. Under 18 U.S. Code § 3161(f)(1)(A), a "delay resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant" "shall be excluded in computing the time within which the trial of any such offense must commence."

10. Exclusion under § 3161(f)(1)(A) is "automatic." *See United States v. O'Connor*,

656 F.3d 630, 642 (7th Cir. 2011) ("[P]eriods of delay excludable under § 3161(h)(1)-(6) [sic] may be *automatically* excluded if the specified conditions are present; no . . . balancing by the court is necessary because the balance has already been struck by Congress."); *United States v. Stubblefield*, 643 F.3d 291, 295 (D.C. Cir. 2011) ("exclusion provided [for pretrial motions] is 'automatic,' and applies 'without district court findings'").

11.   Accordingly, the period of delay from June 6, 2025, when a Superior Court Judge ordered a competency screening based on "odd or bizarre behavior or manifestation of chronic mental disorder" until June 25, 2025, when a Superior Court Judge found the Defendant competent to stand trial, is properly excluded in computing the time within which the trial must commence.

Respectfully submitted,

Jeanine F. Pirro
U.S. Attorney
NY Bar Number 1387455

By:   /s/ *Jacob M. Green*
      Jacob M. Green
      Assistant United States Attorney
      MA Bar Number 706143
      United States Attorney's Office
      601 D Street, N.W.
      Washington, D.C.  20530
      Telephone: (202) 803-1617
      Email: Jacob.green3@usdoj.gov