Filed
D.C. Superior Court
06/24/2025 20:12PM
Clerk of the Court



Forensics Services Division.
35 K Street, NE
Washington, DC  20002
Court – Phone: (202) 879-1390/1758
Fax:  (202) 879-1631/1734

June 24, 2025

The Clerk, Criminal Division
District of Columbia Superior Court
500 Indiana Ave., NW, Room 4110
Washington, DC  20001

Re: Emily Sommer
Case # 2025 CMD 6354; 6484

Dear Sir or Madam:

The Department of Behavioral Health's – Forensic Services Division was asked to
conduct a competency examination on the above referenced defendant.  The purpose of
the examination was to assist the court in its determination of the defendant's
competency to stand trial. Ms. Sommer is currently housed at the Central Treatment
Facility. The evaluation was scheduled to be facilitated via teleconference.  Ms. Sommer
has pending charges of Destruction of Property and Defacing Public/Private Property.

This report is based on a 35-minute interview with the defendant, a review of the Mental
Examination Information Sheet, Mental Competency Examination Order, Pretrial
Services Agency Report, Criminal Rule 112, the Gerstein proffer, information from the
D.C. Department of Behavioral Health's Computerized Information System, and
medical records from the Central Detention Facility. Ms. Sommer was informed of the
nature and purpose of this examination and the limits of confidentiality.

Ms. Sommer was born in Minnesota and raised in Los Angeles California. She has been
residing in Washington, DC for the past three years. She reportedly lives alone in her
apartment. She has never been married nor bore any children. She has a Bachelor's
Degree from the University of Southern California in Political Science and Psychology.
She has been unemployed since March 2024. Ms. Sommer indicated that she previously
sustained employment in legal services. Ms. Sommer reportedly has been diagnosed

with Ehlers Danlos Syndrome. She conveyed that her conditions causes a variety of other ailments.  She endorsed issues with her heart and nerve damage. Ms. Sommer is reportedly connected to Dr. Ellis at Whitman Walker clinic for her somatic services and is prescribed multiple medications that have not been made available for her at the detention center. She expressed frustration with her inability to receive her medications. She denied a history of using illicit substances.

Regarding her mental health history, Ms. Sommer reported that she has been diagnosed with Depression, PTSD, and ADHD. She is connected to a nurse practitioner affiliated with Whitman Walker for her outpatient mental health needs. She identified her medication regimen as Prozac, Cymbalta, and Adderall. However, she reportedly has not received her medications at the correct dosages and times of administration as recommended by her outpatient provider. She endorsed irritability and agitation. She denied that she was currently experiencing any other symptoms. Ms. Sommer endorsed an involuntary admission to PIW initiated by her mother in 2023 "as she called from Los Angeles and made a report about her well being and DBH were at her door and escorted her to PIW…hospitalized a couple of days."

According to the Department of Behavioral Health's Computerized Information System, the defendant has been diagnosed with Unspecified Psychosis and has had contact with the Community Response Team. On June 12, 2024, Ms. Sommer was escorted to CPEP due to "violent behavior." She presented as grossly psychotic and refused pharmacological interventions. She returned to police custody for processing. On May 9, 2025, the team were called and requested to report to the defendant's apartment for bizarre behaviors and yelling. On June 25, 2025, the team reported for similar bizarre and disorganized behaviors. She was diagnosed with Unspecified Psychosis.

Medical records obtained from the Central Detention Facility indicated that Ms. Sommer has been diagnosed with Ehlers-Danlos Syndrome (per patient), Depression, Behavior, PTSD, and Anxiety. She has been prescribed psychotropic medications. On June 10, 2025, Ms. Sommer was observed actively responding to internal stimuli with pressured and rapid speech, irritability and agitation, labile.

Ms. Sommer was alert and in no acute distress. She was dressed in standard issued institutional attire. Her psychomotor activity vacillated from relaxed to mild agitation. She maintained adequate eye contact with the evaluator. Her mood was irritable with a restricted affect. Her conversation was guarded but goal directed. **Despite efforts by the evaluator, irrational/illogical ideations were not elicited**. There was no evidence of mania or hypomania, overt delusions, hallucinations, suicidal or homicidal ideations. Her insight was fair. Her attention and concentration were within normal limits.

Ms. Sommer identified both of her pending matters before the court. She was educated on the gravity of her charges and the potential consequences if convicted. Ms. Sommer conveyed that she is upset over the lack of documentation provided to her regarding her

cases in addition to minimal contact with her attorney. She also spoke about "anti-stalking order against her."

Ms. Sommer is aware of the various pleas available to a defendant. She provided a sufficient explanation on the purpose of a trial. Ms. Sommer is aware of the process once a defendant is found guilty or not guilty via a trial verdict. Additionally, she is cognizant that guilt is determined in a criminal proceeding by "evidence by both sides." Ms. Sommer demonstrated that she understands the roles of various courtroom personnel. She identified the potential witnesses and evidence in her cases. The defendant is cognizant of the adversarial nature of criminal proceedings and the importance of cooperating with her attorney. Ms. Sommer explained the concept of a plea bargain and demonstrated that she is aware of the risk/benefits of the process. She is cognizant of the process once a defendant opts to reject a plea offer. She understands the adversarial nature of criminal proceedings and the importance of cooperating with defense counsel. There was nothing to suggest the defendant would be unable to comport her behavior in the courtroom.

During the course of our meeting, Ms. Sommer demonstrated a factual and rational understanding of her criminal proceedings and the ability to assist counsel in a rational manner. The defendant did not express any statements that appeared irrational or delusional. **Therefore, she is opined competent to stand trial.  However, if defense counsel experiences issues consulting with the defendant (based upon a review of collateral data on behaviors demonstrated in the community) or has collateral data he would like this writer to consider, please feel free to re-refer the defendant for a subsequent examination.**

Sincerely,

*Teresa Grant, PhD*

Teresa Grant, Ph.D.
Licensed Clinical Psychologist