UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | 1:25-cr-00164-JMC |
| EMILY GABRIELLA SOMMER, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION TO EXCLUDE TIME** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The United States of America, by and through its undersigned counsel, respectfully submits this motion to exclude, in computing the time within which the trial must commence, the delay resulting from ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1. On June 5, 2025, the Defendant was charge by Indictment with one count of Assaulting a Federal Official, 18 U.S. Code § 111.

2. On June 6, 2025, the Defendant was separately charged in D.C. Superior Court Case Number 2025 CMD 6354 with one count of Destruction Property, 22 D.C. Code § 303.

3. On June 6, 2025, a Superior Court Judge ordered a preliminary screening to determine the Defendant's competency. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Gov. Ex. 1.

4. The Defendant's evaluation was scheduled to take place on June 12, 2025. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1

████████████████████████████████████████████████████████████

███████████████████████████████████████████████. Gov Ex. 2.

5.     ███████████████████████████████████████████████████

███████████████████████████████████████████████

████████. Gov Ex. 3.

6. On June 25, 2025, a D.C. Superior Court Judge found the Defendant competent to stand trial in Case Number 2025 CMD 6354.

7. Incompetence is an absolute bar to a criminal trial. *Drope v. Missouri*, 420 U.S. 162, 173 (1975); *see also Vogt v. United States*, 88 F.3d 587, 590 (8th Cir. 1996) ("Due process prohibits the trial and conviction of a defendant who is mentally incompetent.") (citing *Drope*, 420 U.S. at 172).

8. Pursuant to 18 U.S.C. § 4241(a), the government or defendant may move the court to determine the mental competency of a defendant "any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence." The court must grant the motion, or hold a hearing on its own motion, "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." § 4241(a).

9. Under 18 U.S. Code § 3161(f)(1)(A), a "delay resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant" "shall be excluded in computing the time within which the trial of any such offense must commence."

10. Exclusion under § 3161(f)(1)(A) is "automatic." *See United States v. O'Connor*,

656 F.3d 630, 642 (7th Cir. 2011) ("[P]eriods of delay excludable under § 3161(h)(1)-(6) [sic] may be *automatically* excluded if the specified conditions are present; no . . . balancing by the court is necessary because the balance has already been struck by Congress."); *United States v. Stubblefield*, 643 F.3d 291, 295 (D.C. Cir. 2011) ("exclusion provided [for pretrial motions] is 'automatic,' and applies 'without district court findings'").

11.     Accordingly, the period of delay from June 6, 2025, when a Superior Court Judge ordered a competency screening ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ until June 25, 2025, when a Superior Court Judge found the Defendant competent to stand trial, is properly excluded in computing the time within which the trial must commence.

Respectfully submitted,

Jeanine F. Pirro
U.S. Attorney
NY Bar Number 1387455

By:     */s/ Jacob M. Green*
        Jacob M. Green
        Assistant United States Attorney
        MA Bar Number 706143
        United States Attorney's Office
        601 D Street, N.W.
        Washington, D.C.  20530
        Telephone: (202) 803-1617
        Email: Jacob.green3@usdoj.gov