UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | CRIMINAL NO. 25-CR-164 |
| v. | : | |
| | : | |
| **EMILY SOMMER** | : | |
| | : | |
| **Defendant.** | : | |

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves the Court for the entry of a protective order governing the production of discovery by the parties in the above-captioned case. The United States and counsel for defendant have reached an agreement as to the proposed protective order. Therefore, the United States is authorized to represent to the Court that the defendant does not oppose this motion or the entry of the attached protective order.

Respectfully submitted,

JEANINE FERRIS PIRRO
U.S. ATTORNEY

By:          /s/
JACOB M. GREEN
Assistant United States Attorney
MA Bar No. 706143
601 D Street, N.W.
Washington, D.C. 20530
202-803-1617
Jacob.green3@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 25-CR-164 |
| v. : | |
| : | |
| : | |
| : | |
| Defendant. : | |

PROTECTIVE ORDER GOVERNING DISCOVERY

To expedite the flow of discovery material between the parties and adequately protect personal identity information entitled to be kept confidential, it is, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and with the consent of the parties, ORDERED:

1. **Materials Subject to this Order.** This Order governs materials provided by the United States at any stage of discovery during this case and which the United States has identified as "Sensitive." Examples of materials that the United States may designate as "Sensitive" pursuant to this Order are set forth below.

2. **Legal Defense Team**: The "legal defense team" includes defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with this case. The legal defense team shall not include the defendant or the defendant's family members, friends, or associates.

**Sensitive Materials**

3. The United States may produce materials containing personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure, and other materials as set

2

forth below, to defense counsel, pursuant to the defendant's discovery requests. Such materials may be designated as "Sensitive." Sensitive materials shall be plainly marked as "Sensitive" by the United States prior to disclosure. Sensitive materials may also include the following:

a. Telephone numbers, email addresses, driver's license numbers, and similar unique identifying information;
b. Information regarding the government's confidential sources;
c. Identifying information, including true names and photographs, regarding government agents who acted in an undercover capacity with respect to this investigation;
d. Information that may jeopardize witness security;
e. Contact information for, photographs of, and private conversations with individuals that do not appear to be related to the criminal conduct in this case;
f. Medical or mental health records;
g. Sources and methods law-enforcement officials have used, and will continue to use, to investigate other criminal conduct;
h. Information that may jeopardize an ongoing or future investigation;
i. Information and source documents contained in or derived from MPD's Personnel Performance Management System or the U.S. Attorney's CADRPTS database; and
j. Tax returns or tax information.

4. **Limitations on Dissemination of Sensitive Materials**: No sensitive materials, or the information contained therein, may be disclosed to any persons other than the defendant(s), the legal defense team, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but they may not retain copies without prior permission of the Court. Materials may also be disclosed to the person to whom the Sensitive information solely and directly pertains, without prior notice to the United States and authorization from the Court.

5. **Court Filings**. Absent prior agreement by the parties or permission from the Court, no party shall disclose materials designated as Sensitive in any public filing with the Court. Such materials shall be submitted under seal in accordance with Local Criminal Rule 49(f)(6), after

filing an accompanying motion for leave to file under seal. Defendant may include in a public document Sensitive information relating solely and directly to the defendant.

6.  **Court Hearings**. The restrictions in this Order shall not limit either party in the use of the materials in judicial proceedings in this case. The procedures for use of designated Sensitive materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose materials designated Sensitive in open court without agreement by the parties that such materials may be disclosed in open court or prior consideration by the Court.

7.  **Storage of Sensitive Materials.** Sensitive materials must be maintained in the custody and control of the legal defense team. Defense counsel may show Sensitive materials to the defendant as necessary to assist in preparation of the defense, however, defense counsel may not provide a copy of Sensitive materials to the defendant. Moreover, if defense counsel does show Sensitive materials to the defendant, defense counsel may not allow the defendant to write down any personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure, or other identifying information, including telephone numbers, email addresses, driver's license numbers, and similar unique identifying information, that is contained in the Sensitive materials. If the defendant takes notes regarding Sensitive materials, defense counsel must inspect those notes to ensure that the defendant has not copied down personal identity information, including the categories set forth in this paragraph.

8.  **Automatic Exclusions from this Order.** This Order does not apply to materials that:
    a. Are, or later become, part of the public court record, including materials that have been received in evidence in this or other public trials or hearings;
    b. Were derived directly from defendant or that pertain solely to defendant. Examples of such materials include defendant's own financial records, telephone

4

    records, digital device downloads, social media records, electronic communications, arrest records, and statements to law enforcement; and

   c. Materials that the defense obtains by means other than discovery.

  **9.** **Viewing by Incarcerated Defendants.** If defendant is incarcerated by the District of Columbia Department of Corrections ("DCDOC"), defense counsel is authorized to provide a copy of discovery to the DCDOC Office of General Counsel so that the defendant can view the information pursuant to DCDOC's alternative viewing procedure. Before providing a copy of the materials to the DCDOC, defense counsel must ensure that the materials provided to the defendant through DCDDOC do not contain material designated as Sensitive as set forth above. If defendant is incarcerated in another facility, the government agrees to work with the legal defense team to use reasonable efforts to make arrangements for viewing at the defendant's facility.

  10. **Disputes.** The parties shall make a good faith effort to resolve any dispute about a sensitivity designation before requesting the Court's intervention. The United States may agree to remove a sensitivity designation without further order of this Court. Whenever the redaction of specified information will resolve the basis for which a sensitivity designation was applied, the United States will agree to redaction if practicable and not unduly burdensome, and such redaction will render the materials no longer subject to this Order. Any agreement to remove a sensitivity designation or to redact specific information shall be memorialized in writing.

**Scope of this Order**

  11. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order nor prevent the defense from contesting a sensitivity designation. The parties agree that the burden of demonstrating the need for a protective order remains with the government at all times.

12. **Failure Not Waiver**. The failure by the United States to designate any materials as "Sensitive" upon disclosure shall not constitute a waiver of the United States' ability to later designate the materials as Sensitive but the government must separately identify and memorialize the changed status of those materials in writing.

13. **No Ruling on Discoverability or Admissibility**.   This Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability or admissibility of any material.

14. **Government's Discovery Obligations.** Nothing in this Order modifies the United States' obligations at any stage of discovery in this case pursuant to Federal Rules of Criminal Procedure 16 and 26.2, Local Criminal Rule 5.1, 18 U.S.C. § 3500 (the Jencks Act), and the government's general obligation to produce exculpatory and impeachment information in criminal cases.

15. **Defense Counsel's Obligations.** Defense counsel must provide a copy of this Order to, and review the terms of this Order with, members of the legal defense team, defendant, and any other authorized person, before providing them access to Sensitive materials.

16. **Duration.**   The terms of this Order shall remain in effect after the conclusion of this case and the parties shall be bound by it unless otherwise ordered by the Court.

SO ORDERED this _____ day of _____, 2025.

_____
THE HONORABLE JIA M. COBB
UNITED STATES DISTRICT JUDGE