**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal No. 25-cr-164 (JMC)** |
| **EMILY GABRIELLA SOMMER,** | |
| **Defendant.** | |

### JOINT MOTION TO CONTINUE PRETRIAL DEADLINES

The United States of America, by and through its undersigned counsel, and Counsel for Emily Gabriella Sommer, jointly move this Court for entry of an order extending the pretrial deadlines in this case.

On June 27, 2025, the Court entered a Pretrial Order specifying various pretrial deadlines. ECF No. 18. The Pretrial Order set deadlines for various matters including pretrial motions due by July 9, 2025, exhibit lists due by July 14, 2025 and a joint pretrial statement due by July 21, 2025. A pretrial conference was also set for July 25, 2025.

The parties could jointly benefit from additional time to consider pretrial motions and confer on disputed issues in this case ahead of trial. As such, the parties are jointly proposing the attached Proposed Revised Pretrial Order. The Proposed Revised Pretrial Order seeks to extend the deadlines by one week or less and seeks to reschedule the pretrial conference from July 25, 2025 to July 28, 2025.

WHEREFORE, the parties jointly request an order revising the Pretrial Order deadlines for filing pretrial motions.

Respectfully submitted,

JEANINE F. PIRRO
UNITED STATES ATTORNEY
NY Bar Number 1387455

By:    */s/ Jacob M. Green*
        JACOB M. GREEN
        Assistant United States Attorney
        MA Bar Number 706143
        United States Attorney's Office for the
        District of Columbia
        601 D Street NW Washington,
        D.C. 20530
        (202) 803-1617
        Jacob.green3@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal No. 25-cr-164 (JMC)** |
| **EMILY GABRIELLA SOMMER,** | |
| **Defendant.** | |

## [PROPOSED] REVISED PRETRIAL ORDER

In order to administer the trial of this case in a manner that is fair and just to the Parties and is consistent with the goal of completing the trial in the most efficient manner, it is hereby

**ORDERED** that a pretrial conference will be held on **July 28, 2025, at 2:00 PM** in Courtroom 3. It is further

**ORDERED** that the trial of this case will commence on **August 18, 2025, at 9:30 AM** in Courtroom 3. It is further

**ORDERED** that any motions are due by **July 16, 2025**. Oppositions are due by **July 22, 2025**, and any Replies are due **July 25, 2025**. It is further

**ORDERED** that Defendant will make expert disclosures to the Government by **July 21, 2025**. It is further

**ORDERED** that the Parties' joint pretrial statement is due by **July 25, 2025**. In addition to filing the joint pretrial statement on the public docket, the Parties will submit a version of the

3

statement in Microsoft Word format to Cobb_Chambers@dcd.uscourts.gov. The joint pretrial

statement will include:

    a.  Written statements (i) by the Government setting forth the terms of any plea offer

        made to Defendant and the date such offer was made and lapsed; and (ii) by Defense

        Counsel indicating (1) the dates on which the terms of any plea offer were

        communicated to Defendant and rejected, *see Missouri v. Frye*, 566 U.S. 134, 145

        (2012) ("[D]efense counsel has the duty to communicate formal offers from the

        prosecution to accept a plea on terms and conditions that may be favorable to the

        accused."), and (2) the potential sentencing exposure communicated by the Defense

        Counsel to Defendant and the date on which such communication occurred, *see*

        *United States v. Rashad*, 331 F.3d 908, 912 (D.C. Cir. 2003);

    b.  A one-paragraph joint statement of the case for the Court to read to prospective

        jurors;

    c.  Proposed *voir dire* questions that include:

        i.  the *voir dire* questions on which the Parties agree; and

        ii.  the *voir dire* questions on which the Parties disagree, with specific

          objections noted below each disputed question and supporting legal

          authority (if any);

    d.  The text of proposed jury instructions, which are formatted so that each instruction

        begins on a new page, and indicating:

        i.  the instructions on which the Parties agree;

        ii.  the instructions on which the Parties disagree, with specific objections noted

          below each disputed instruction and supporting legal authority (if any); and

the proposed instruction's source (e.g., the Red Book, Matthew Bender's Federal Jury Instructions) or, for modified or new instructions, its supporting legal authority;

e.  <u>A list of expert witnesses</u>, accompanied by a brief description of each witness's area of expertise and expected testimony, followed by specific objections (if any) to each witness;

f.  <u>A list of prior convictions</u> that the Government intends to use for impeachment or any other purpose, followed by specific objections (if any) to that use;

g.  <u>Lists of exhibits</u> that the Parties intend to use during their cases-in-chief, with a brief description of each exhibit, followed by specific objections (if any) to each exhibit;

h.  <u>Any stipulations</u> executed or anticipated to be executed;

i.  <u>A proposed verdict form</u> that includes a date and signature line for the jury foreperson, as well as proposed special interrogatories (if any); and

j.  <u>A proposed schedule</u> for the Parties' exchange of witness lists and Jencks Act material, including when such lists will be provided to the Court.

It is further **ORDERED** that the Parties will exchange exhibit lists, which they are required to provide with their joint pretrial statement, by **July 21, 2025**. The lists will consist of all exhibits that the Parties intend to use in their cases-in-chief. The Parties will exchange objections to the admissibility of exhibits to the extent practicable by **July 25, 2025**, and will confer in an effort to narrow the objections before filing the joint pretrial statement. The Parties shall confer to agree upon dates for the exchange of other materials required by the joint pretrial statement (e.g., *voir dire* questions and proposed jury instructions) sufficiently in advance of the filing deadline to allow

the Parties to note any objections and confer in an effort to narrow objections. All exhibits are to be marked in advance of trial and listed in order on the exhibit form obtained from the Courtroom Deputy Clerk. The Parties shall provide an electronic copy of the exhibits at any point prior to the trial date. The Court may request copies of specific exhibits prior to the pretrial conference if necessary to resolve the Parties' objections. It is further

**ORDERED** that the Government is under a continuing and ongoing obligation to provide Defense Counsel any favorable or exculpatory information (*Brady*), whether or not admissible in evidence. *Brady* information must be disclosed on a rolling basis—"the duty to disclose is ongoing." *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987). To the extent it has not already done so, the Government must disclose information that may be useful for impeachment or may otherwise affect the credibility of any Government witness (*Giglio*)— including *Lewis* material— on or before **July 28, 2025**. *See United States v. Celis*, 608 F.3d 818, 835–36 (D.C. Cir. 2010). *Giglio* obligations are also ongoing.

**SO ORDERED.**


Dated: July ___, 2025                                                         JIA M. COBB
                                                                              United States District Judge