UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | CRIMINAL NO. 25-CR-164 |
| v. | : | |
| | : | |
| **EMILY SOMMER,** | : | |
| | : | |
| *Defendant.* | : | |

### NOTICE OF FILING OF DISCOVERY LETTER

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the attached letter, dated July 22, 2025, be made part of the record in this case.

Respectfully submitted,

JEANINE FERRIS PIRRO
U.S. ATTORNEY

By:      /s/
JACOB M. GREEN
Assistant United States Attorney
MA Bar No. 706143
601 D Street, N.W.
Washington, D.C. 20530
202-803-1617
Jacob.green3@usdoj.gov

1



U.S. Department of Justice

Jeanine F. Pirro
United States Attorney
*District of Columbia*

---

*Patrick Henry Building*
*601 D St., N.W.*
*Washington, D.C. 20530*

July 22, 2025

<u>*Via ECF*</u>

Diane Shrewsbury
Assistant Federal Public Defender
625 Indiana Avenue NW, Suite 550
Washington, DC 20004

   Re: <u>*United States v. Emily Sommer*</u>
      <u>Criminal No.: 25-CR-164</u>

Dear Counsel:

  In response to your July 4, 2025 discovery letter, we write to provide the following information.

1. **<u>Defendant's Rule 16 Statements</u>**

  Your letter requests information regarding a) any statements of the defendant and b) the government's intent to introduce any such statements at trial.

  The government is unaware of any relevant oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

  We previously disclosed the following statements of the defendant, which were not made in response to interrogation by any person then known to the defendant to be a government agent, which we may seek to introduce at trial:

- Statements captured in the previously-disclosed video file labeled FULL INTERVIEW.mp4 with approximate internal time stamp 10:17 to 10:43.

- X posts contained in previously-disclosed files labeled X Account Profile Picture.jpg, X Post 1.JPG through X Post 14.JPG, and 6-3-25 1127 hours.JPG.

- Statements captured in previously disclosed United States Marshal Service Body-worn camera footage dated May 22, 2025 including the following:

    - Clip 7: 10:41:27 to 10:41:32
    - Clip 12: 10:45:40 to 10:45:52
    - Clip 10: 10:46:27 to 10:46:32
    - Clip 11: 10:57:16 to 10:57:30

2. **Communications Between Edward Martin and White House Officials**

    Your letter requests "all communications to and from Edward Martin from the White House or any other individual or organization regarding Mr. Martin's position as Acting United States Attorney and the withdrawal of his nomination that occurred on May 7 and 8, 2025."

    As demonstrated by the previously-disclosed appointment letters and resignation letter, on May 8, 2025, the date of the offense charged in Count 1, Edward Martin was the interim United States Attorney for the District of Columbia, and, therefore, "an officer or an employee of the United States." Mr. Martin was appointed interim U.S. Attorney on January 20, 2025 and served until his resignation on May 13, 2025.

    Because it cannot be disputed that Mr. Martin was the interim U.S. Attorney on the date of the incident, any discussions he had with White House officials about his nomination are not relevant to any element of the charged offenses.

3. **Training Records for Deputy United States Marshals**

    Your letter requests the following: "all training records for the United States Marshals, including but not limited to training on use of force, mental illness, treatment of persons with mental illness, de-escalation, execution of arrest warrants, and ethics. Provide all records of training completed and the dates completed for each of the alleged victim U.S. Marshals."

    We will continue to comply with our obligations under *Brady*, *Jenks*, *Giglio,* Rule 16 and all other applicable authorities. In our view, your request for all training records of the victim Deputy United States Marshals exceeds the scope of our discovery obligations. However, we are reaching out to the United States Marshals Service to see what, if any, training records we can facilitate providing.

    Sincerely,

    JEANINE FERRIS PIRRO
    U.S. ATTORNEY

    By:  /s/

                    JACOB M. GREEN
                    Assistant United States Attorney
                    MA Bar No. 706143
                    601 D Street, N.W.
                    Washington, D.C. 20530
                    202-803-1617
                    Jacob.green3@usdoj.gov