UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | No. 25-CR-164 (JMC) |
| **EMILY SOMMER** | : | |

### MOTION TO PRECLUDE USE OF THE TERM "VICTIM" BY THE GOVERNMENT AT TRIAL

Emily Sommer, through undersigned counsel, respectfully requests this Court to order all parties to refrain from referring to Edward J. Martin, Jr., Jeffrey Martin, or Megan Kim as "victims" throughout the trial and rather to refer to them by name.

### ARGUMENT

"Victim" is defined as "[a] person harmed by a crime, tort, or other wrong." *See Black's Law Dictionary* (11th Ed. 2019). The government intends to refer to complainants as "victims" throughout the trial in front of the jury. Such use of word "victim," however, is inappropriate and should not be allowed at trial for the reasons set forth below.

The use word "victim" offends Ms. Sommer's presumption of innocence because it assumes that the individual has been "harmed by a crime." *See Black's Law Dictionary* (11th Ed. 2019). Thus, the government's use of the term "victim" at trial advises the jury that the government has already proven that Ms. Sommer committed a crime. Ms. Sommer contends she did not commit a crime and the government must prove their case beyond a reasonable doubt before she can be convicted of a crime.

Second, the use of the term "victim" by the government at trial would deprive the jury of its fundamental role as fact finder. It is solely within the province of the jury to determine whether

a crime has occurred. Indeed, there cannot be a "victim" unless a crime has occurred. It follows that the use of the term "victim" usurps the jury's role as fact finder by telling the jury that a crime has occurred.

Finally, the Government's use of the term "victim" violates Federal Rules of Evidence (FRE) 401 and 403. *See* Fed. R. Evid. 401; Fed. R. Evid 403. FRE 401 requires evidence to be probative to be admissible. *See* Fed. R. Evid. 401, Notes on Advisory Committee on Proposed Rules. The term "victim" is devoid of probative value. That is, the term used to refer to the complainants does not have "any tendency" to make a fact of the present case more or less likely to have occurred. Furthermore, its nonexistent probative value is substantially outweighed by the unfair prejudicial effect on Ms. Sommer. FRE 403 renders relevant evidence inadmissible where "its probative value is substantially outweighed by a danger of… unfair prejudice." Fed R. Evid. 403. The term "victim" unfairly prejudices Ms. Sommer because it assumes that a crime has occurred. Thus, the government should be precluded from using the term "victim" at trial because its use violates FRE 401 and 403.

WHEREFORE, Ms. Sommer respectfully requests this Court to order all parties to refrain from referring to Edward J. Martin, Jr., Jeffrey Martin, or Megan Kim "victims" throughout trial for the reasons set forth therein.

    Respectfully submitted,

    A. J. KRAMER
    FEDERAL PUBLIC DEFENDER

    */s/ Diane Shrewsbury*
    DIANE SHREWSBURY
    ALEXIS GARDNER
    Assistant Federal Public Defenders
    625 Indiana Avenue, N.W., Suite 550
    Washington, D.C.  20004
    (202) 208-7500