UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Case No. 1:25-cr-164 (JMC) |
| v. | : | |
| | : | |
| **EMILY GABRIELLA SOMMER** | : | |
| | : | |
| *Defendant.* | : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO PRECLUDE USE OF THE TERM "VICTIM" AT TRIAL

The United States of America, through the undersigned counsel, respectfully submits the following opposition to the defendant's Motion to Preclude Use of the Term "Victim." ECF 30. Ms. Sommer contends that the use of the term "victim" would undermine the presumption of innocence and deprive the jury of its role as fact finder, among other reasons. Ms. Sommer's motion should be denied.

### ARGUMENT

Ms. Sommer's position is contrary to settled law regarding the permissible bounds of opening statements, closing arguments, and witness examinations. In opening statement, the government is permitted to discuss what it expects the evidence will be. *See Leonard v. United States*, 277 F.2d 834, 841 (9th Cir. 1960) (describing opening statement as "a statement of facts which the [party] intends or in good faith expects to prove"); *United States v. Escobedo*, 430 F.2d 14, 20 (7th Cir. 1970) (opening statement should be an "outline of proposed proof"). Similarly, in closing argument, the government may argue to the jury what the admitted testimony and evidence showed. *United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993) ("[W]e have recognized that prosecutors must have reasonable latitude to fashion closing arguments, and thus can argue reasonable inferences based on the evidence . . . ."). In this case, the government in good faith

anticipates the evidence will show that Ms. Sommer assaulted three victims.  Likewise, during witness examinations, after a proper foundation has been laid, the government may permissibly inquire about the classification of certain induvial as victims, and witnesses may permissibly classify certain individuals as victims.  *See United States v. Huynh*, 2016 WL 7411529, at *7 (M.D. Penn. Dec. 22, 2016) ("Simply because a person or entity involved in this case is accurately referred to as a 'victim,' in no way furthers the government's burden to prove beyond a reasonable doubt that [defendant] is, in fact, guilty of a crime.").

Relatedly, courts have held that where certain terms are central to the government's case, they should not be excluded from trial or stricken from the indictment.  *See, e.g., United States v. Hsia*, 24 F. Supp. 2d 14, 27 (D.D.C. 1998), 24 F. Supp. 2d at 27 (refusing to strike words such as "unlawful," "illegal" "covered up," or "straw donors" from indictment because they were relevant in conspiracy and false statement case).  Here, the term victim is especially relevant because 18 U.S.C. § 111 requires proof that "such acts involve physical contact with the *victim* of that assault" (emphasis added).

Moreover, the jury will be instructed on the presumption of innocence and that opening statements, closing argument, and questions of counsel are not evidence.  Because the jury will be properly instructed, there is no danger the jury will assume that the use of the term "victim" in remarks to the jury and questions to witnesses indicates the fact has been proven, as defendant suggests.  *See*, *e.g., Id.*, at 27 (rejecting defendant's challenge to the government's use of words that "denote illegal activity which has not yet been proven").

## CONCLUSION

For the reasons stated, the Court should deny the motion to preclude the use of the term "victim."

                                        Respectfully submitted,

                                        JEANINE F. PIRRO
                                        UNITED STATES ATTORNEY
                                        NY Bar Number 1387455

By:    /s/ Jacob M. Green
           JACOB M. GREEN
           Assistant United States Attorney
           MA Bar Number 706143
           601 D Street NW
           Washington, D.C. 20530
           (202) 803-1617
           Jacob.green3@usdoj.gov