# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 1:25-cr-164 (JMC)** |
| **v.** | : | |
| | : | |
| **EMILY GABRIELLA SOMMER** | : | |
| | : | |
| *Defendant.* | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The United States of America, through the undersigned counsel, respectfully submits the following opposition to the defendant's Motion to Dismiss the Indictment. ECF 31. By Superseding Indictment, Ms. Sommer is charged with three counts of 18 U.S.C. § 111(a)(1), ECF 25, which prohibits forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with federal officials where such acts involve physical contact with the victim. Ms. Sommer contends that the allegations in the Complaint, ECF 1, do not set forth a violation of § 111(a)(1). *See* ECF 31, at 1. With regard to Count 2 and Count 3 (which were not described in the Complaint), Ms. Sommer challenges the sufficiency of the evidence that she believes will be presented at trial. *See* ECF 31, at 1–2. Whether Ms. Sommer's conduct falls within the statute's prohibitions is a factual question for trial and is not an appropriate matter for resolution via a motion to dismiss. This Court should therefore deny the motion to dismiss without making any further considerations. Even if this Court were to consider the sufficiency of the government's allegations, the alleged conduct—spitting on and kicking federal officials—falls within the ambit of § 111(a)(1).

## I.    RELEVANT BACKGROUND

As set forth in greater detail in the Government's Omnibus Motion in Limine, *see* ECF 28, Ms. Sommer assaulted three federal officials. The first incident occurred on May 8, 2025 in front of the United States Attorney's Office for the District of Columbia. Then-Interim United States

Attorney Edward R. Martin Jr. was conducting a video-recorded interview with a reporter affiliated with the Newsmax television network when Ms. Sommer approached Mr. Martin and said, "Who in the [expletive] are you?" Mr. Martin turned to face Ms. Sommer. She then said, "Are you Ed Martin? You are Ed Martin." Next, Ms. Sommer lunged at Mr. Martin and spit on Mr. Martin. The spit landed on Mr. Martin's jacket. On May 22, 2025, Deputy United States Marshals arrested Ms. Sommer at her apartment pursuant to an arrest warrant. During the arrest, Ms. Sommer spit in Deputy Jeffrey Martin's face and then subsequently kicked Deputy Martin. Then, in the transport vehicle, Ms. Sommer kicked another officer, Deputy Megan Kirn.

## II.    ARGUMENT

### A. Whether Ms. Sommer's Conduct Meets the Statutory Definition is a Factual Question Not Subject to a Pre-Trial Motion to Dismiss.

An indictment is sufficient under the Constitution and Rule 7 of the Federal Rules of Criminal Procedure if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," *Hamling v. United States*, 418 U.S. 87, 117 (1974), which may be accomplished, as it is here, by "echo[ing] the operative statutory text while also specifying the time and place of the offense." *United States v. Williamson*, 903 F.3d 124, 130 (D.C. Cir. 2018). "[T]he validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). And an indictment need not inform a defendant "as to every means by which the prosecution hopes to prove that the crime was committed." *United States v. Haldeman*, 559 F.2d 31, 124 (D.C. Cir. 1976); s*ee also United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) ("[T]he time-and-date specification in respondent's indictment provided ample protection against the risk of multiple prosecutions for the same crime."); *United States v. John-Baptiste*, 747 F.3d 186, 196 (3d Cir. 2014) ("[A] defendant has

sufficient notice to guard against a future prosecution in violation of the protection against double jeopardy if an indictment specifies the time frame for the criminal conduct."); *United States v. Savarese*, 686 F.3d 1, 8 (1st Cir. 2012) ("[The indictment] clearly identifies the targeted victims … and the dates on which th[e crimes] allegedly occurred, giving Savarese more than adequate notice of the charges against which he was required to defend."); *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir. 1999) ("We have consistently upheld indictments that do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.") (quotation marks omitted).  There is no dispute that the Superseding Indictment in this case meets these requirements.

Rule 12 permits a party to raise in a pretrial motion "any defense, objection, or request that the court can determine *without a trial on the merits*."  Fed. R. Crim. P. 12(b)(1) (emphasis added).  It follows that Rule 12 "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the government "has made a *full* proffer of evidence" or the parties have agreed to a "stipulated record," *United States v. Yakou*, 428 F.3d 241, 246–47 (D.C. Cir. 2005) (emphasis added)—neither of which has occurred here.  Here, the government does object to the summary judgment type of procedure Ms. Sommer is seeking.

A motion to dismiss is not a proper vehicle for testing the sufficiency of the government's proof.  Indeed, "[t]here is no federal criminal procedural mechanism that resembles a motion for summary judgment in the civil context." *Yakou*, 428 F.3d at 246.  The D.C. Circuit has emphasized that "it is an 'unusual circumstance[ ]' for the district court to resolve the sufficiency of the evidence before trial because the government is usually entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure." *United States v. Hitselberger*, 991 F. Supp. 2d 108, 125 (D.D.C. 2014) (citing *Yakou,*

428 F.3d at 247); *see also United States v. Safavian*, 429 F. Supp. 2d 156, 158 (D.D.C. 2006) ("Only in 'unusual circumstances' is pretrial dismissal of the indictment possible on sufficiency-of-the-evidence grounds, and that is 'where there are material facts that are undisputed and only an issue of law is presented.'") (quoting *Yakou,* 428 F.3d at 247).   The D.C. Circuit has held that where "the existence of undisputed facts obviate[s] the need for the district court to make factual determinations properly reserved for a jury," the district court may dismiss an indictment before trial "based on a question of law where the government has not made a timely objection." *Yakou,* 428 F.3d at 246–47.  One judge in this district has further held that the government cannot prevent a pretrial dismissal simply by raising a timely objection, so long as the relevant facts are undisputed and only a question of law is presented.  *United States v. Nitschke,* 843 F.Supp.2d 4, 8–9 (D.D.C. 2011).

Here, Ms. Sommer's motion raises several disputed factual questions, such as the degree of force used in the assaults, *see* ECF 31, at 8, and the extent of physical contact, *see id.*, which will be resolved at trial through the admission of evidence and the testimony of witnesses.  The government is entitled to seek to prove at trial that Ms. Sommer's conduct falls within the statutory definition.  Since the Superseding Indictment properly alleges violations of § 111(a)(1) in Counts One through Three, nothing more is required, and the Court need not make additional findings regarding the sufficiency of the Government's evidence at this phase.

### A.  The Text of Section 111(a)

Nevertheless, the government's evidence clearly establishes the violations charged in the Superseding Indictment.  Section 111(a)(1) authorizes punishment for an individual who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title [*i.e.*, a federal official] while engaged in or on account of the performance of

official duties." 18 U.S.C. § 111(a)(1). A misdemeanor penalty is authorized where the individual's act "constitute[s] only simple assault." *Id*. But where the individual's "acts involve physical contact with the victim of that assault or the intent to commit another felony," the maximum term of imprisonment is 8 years." *Id*. Finally, an individual who "uses a deadly or dangerous weapon … or inflicts bodily injury" "in the commission of any acts described in subsection (a)" faces a term of imprisonment of "not more than 20 years." 18 U.S.C. § 111(b). Section 111 thus "establishes three separate crimes," namely, a misdemeanor "simple assault," a felony violation that involves either physical contact or the intent to commit another felony, or an aggravated violation that involves either a dangerous weapon or results in the infliction of bodily injury. *See United States v. Siler*, 734 F.3d 1290, 1296 (6th Cir. 2013).

### B. Ms. Sommer's Redundancy Argument is Misplaced.

Ms. Sommer contends that the elements of a) forcible conduct and b) physical contact with the victim would be redundant, ECF 31, at 5, unless this Court reads into the forcible conduct element a requirement that the conduct amount to "aggravated assault or aggravated battery." ECF 31, at 9. No authority supports that reading of the statute.

Far from redundant, the physical contact requirement serves an important function. As several courts have recognized, physical contact distinguishes between a simple assault at common law, which includes an attempt to inflict injury, *see, e.g., United States v. Martinez*, 486 F.3d 1239, 1245 (11th Cir. 2007), and a completed battery involving physical contact with the victim. *United States v. Stoddard*, 407 F. App'x 231, 233 (9th Cir. 2011); *United States v. Frizzi*, 491 F.2d 1231, 1232 (1st Cir. 1974). By separating "acts… [that] constitute only simple assault" from those that "involve physical contact with the victim of that assault," Congress mirrored the common law distinction between assault and battery: "Under the common law, physical contact is the line of

5

demarcation between simple assault and battery." *United States v. Vallery*, 437 F.3d 626, 631 (7th Cir. 2006); *see also United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) (explaining that, "[b]ecause Section 111 does not define assault, we have adopted the common law definition of assault" and noting that simple assault does not require physical contact); *United States v. Davis*, 690 F.3d 127, 135 (2d Cir. 2012) ("'simple assault' retains its common law definition in the context of the current version of Section 111(a)"); *United States v. Lehi*, 446 F. App'x 96, 100 (10th Cir. 2011) (explaining that Section 111's "plain language clearly provides that simple assaults involving physical contact (*i.e.*, completed batteries) are felonies"). The physical contact element therefore serves the important function of providing a greater maximum penalty for completed batteries on federal officials as compared to the penalty provided for conduct that only amounts to simple assault. Since there is no redundancy problem, there is no reason for this Court to accept Ms. Sommer's invitation to read an additional requirement of "aggravated assault or aggravated battery" into Section 111.

### C. Spitting and Kicking are Forcible Acts.

The government's evidence meets all of the elements of the charged offense. Regarding the element of forcible conduct, the government need only prove "some measure of presently applied force." *United States v. Cunningham*, 509 F.2d 961, 963 (D.C. Cir. 1975). The amount of force used need only be minimal. *See United States v. Sommerstedt*, 752 F.2d 1494, 1496 (9th Cir. 1985) ("a defendant may be convicted of violating section 111 if he or she uses any force whatsoever against a federal officer"); *United States v. Fernandez*, 837 F.2d 1031, 1035 (11th Cir. 1988) (same); *United States v. Mathis*, 579 F.2d 415, 418 (7th Cir. 1978) ("A verdict of guilty of assault or interference with a federal official without a weapon under 18 U.S.C. § 111 requires

evidence that the defendant used some quantum of force or *threat* of force in committing the offense.").

Several courts have made clear that spitting is forcible conduct. *See Lehi*, 446 F. App'x at 100 ("spit[ting on] . . . a federal officer who was engaged in . . . official duties" constitutes "a forcible assault involving physical contact in violation of 18 U.S.C. § 111(a)"); *Frizzi*, 491 F.2d at 1232 (spitting in the face of mail carrier is a forcible assault under § 111); *Stoddard*, 407 F. App'x at 233 (9th Cir. 2011) (spitting in the face of a federal corrections officer is a forcible assault involving physical contact under § 111).  Courts have also held that other non-injurious applications of force are covered by Section 111.  *See, e.g., United States v. Hightower*, 512 F.2d 60, 61 (5th Cir. 1975) (grabbing an agent's jacket in an attempt to retrieve licenses), *United States v. McIntosh*, 676 Fed.Appx. 792, 793–95 (10th Cir. Jan. 24, 2017) (unpublished) (throwing urine and other bodily fluids onto an official); *United States v. Wilks*, 629 F.2d 669, 671–72 (10th Cir. 1980) (grabbing a can out of a correction officer's hand during a prison search); *United States v. Harris*, 21-cr-189 (CJN) (D.C.C. June 14, 2023) (Transcript of Closing Arguments and Bench Verdict, at 100) (grabbing onto and pulling on an officer's baton).

### D.  Spitting and Kicking are Assaults.[1]

An assault is committed by either an intentional attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an

---

[1] While the acts alleged here constitute assault, the government can also prove its case by showing that Ms. Sommer used force to resist, oppose, impede, intimidate, or interfere with a federal official.  *See United States v. Stands Alone*, 11 F.4th 532, 535 (7th Cir. 2021); *see also United States v. Briley*, 770 F.3d 267, 273-75 (4th Cir. 2014); *United States v. Williams*, 602 F.3d 313, 315-18 (5th Cir. 2010); *United States v. Gagnon*, 553 F.3d 1021, 1024-27 (6th Cir. 2009); *see generally United States v. Arrington*, 309 F.3d 40, 44 (D.D.C. 2002) ("a defendant does not violate the statute unless he forcibly assaults or forcibly resists or forcibly opposes, etc."); *United States v. Williams*, 602 F.3d 313, 317 (5th Cir. 2010) (a misdemeanor conviction under § 111(a)(1) does not require underlying assaultive conduct).

apparent present ability, causes a reasonable apprehension of immediate bodily harm. *United States v. Dupree*, 544 F.2d 1050, 1051 (9th Cir. 1976); *Acosta-Sierra*, 690 F.3d at 1117 ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *United States v. Bear Ribs*, 562 F.2d 563, 564 (8th Cir.1977) ("The common law offense of simple assault ... requires the showing of an offer or attempt by force or violence to do a corporal injury to another."); *United States v. Chestaro*, 197 F.3d 600, 605 (2d Cir. 1999) ("The common-law meaning of simple assault . . . is a crime committed by either a willful attempt to inflict injury upon the person of another, or by a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm."). (quotation marks omitted).

The "injury" attempted or threatened need be nothing more than an offensive touch. *See United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempts to make offensive rather than injurious physical contact with the victim"); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the common-law crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); *United States v. Williams*, 197 F.3d 1091, 1096 (11th Cir. 1999) ("The slightest willful offensive touching of another constitutes a battery at common law, regardless of whether the

---

.

defendant harbors an intent to do physical harm."); Criminal Jury Instructions for the District of Columbia, No. 4.100 (2024 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility").

Consistent with the definition of bodily injury in several other sections of Title 18, the attempted or threatened "injury" can also be mere physical pain. *United States v. Perkins*, 470 F.3d 150, 161 (4th Cir. 2006) (physical pain alone or any injury to the body, no matter how fleeting, suffices to establish bodily injury); 18 U.S.C. §§ 831(f)(5), 1365(g)(4), 1515(a)(5), and 1864(d)(2).

Several courts have held that spitting is a form of assault and specifically a form of offensive touching. *Lehi*, 446 F. App'x 96 at 100 ("Spitting is an offensive touching amounting to a common law battery.") *Frizzi*, 491 F.2d at 1232; *Stoddard*, 407 F. App'x at 233 ("spitting constitutes an offensive touching"); *United States v. Lewellyn*, 481 F.3d 695, 699 (9th Cir. 2007) ("intentionally spitting in another person's face easily falls within the scope of an offensive touching."); *United States v. Masel*, 563 F.2d 322, 323–24 (7th Cir.1977) (spitting on a member of Congress is an assault). Likewise, kicking is indisputably an assault, *see, e.g., United States v. Thomas*, No. 24-2343, 2025 WL 1565362, at *1 (3d Cir. June 3, 2025), and the jury could conclude as much either because kicking is an offensive touching or because kicking is an attempt to inflict physical pain, which falls within the definition of injury.

### E. Spitting Involves Physical Contact Where the Spit Makes Contact with the Victim

"Physical contact" does not require body-to-body touching. Rather, where the charged conduct involves spitting or otherwise throwing bodily fluids onto another person, it is sufficient to show that the bodily fluid made physical contact with the victim. *Stoddard*, 407 F. App'x at 233 (spitting on a federal official); *Lehi*, 446 F. App'x at 100 (same); *McIntosh*, 676 Fed.Appx. at 793

9

–95 (throwing urine and other bodily fluids onto an official); *see also United States v. Taliaferro*, 211 F.3d 412, 415 (7th Cir. 2000) ("While battery is defined as 'intentional and wrongful physical contact with a person,' *see* Black's Law Dictionary 152 (6th ed. 1990), it is clear that the contact between the aggressor and the victim need not be direct, but rather can result from the 'indirect application of force … by some substance or agency placed in motion by' the aggressor.").

Nor does "physical contact" require touching the victim's skin. Rather, "physical contact" includes touching made through a victim's clothing or with objects in a victim's possession. Examples courts have found in other cases include grabbing a federal employee's breast over her clothing, *United States v. Pyle*, No. CR 12-453, 2022 WL 2828990, at *1 (E.D. Pa. July 20, 2022), spitting and throwing liquid substances on a federal employee, *McIntosh*, 676 Fed.Appx. at 793–95, chasing after and bumping into a federal employee, *Fernandez*, 837 F.2d at 1035; grabbing a can out of a correction officer's hand during a prison search, *Wilks*, 629 F.2d at 671–72, grabbing onto and pulling on an officer's baton, *Harris*, 21-cr-189, (ECF 88, at 100), and attempting to rip a riot shield out of an officers hand. *United States v. Ryan Samsel*, *et al.*, 21-CR-537 (JMC) (D.D.C. February 9, 2024) ECF 345 (Findings of Fact and Conclusions of Law, at 45).

Here, all of the assaults involved physical contact with the victims. Ms. Sommer spit on the jacket that Mr. Martin was wearing, spit in Deputy Martin's face, and kicked Deputy Kirn in the leg.

## III.    CONCLUSION

For the reasons stated, the Court should deny the motion to dismiss. The motion raises factual questions that cannot be resolved pretrial and urges an interpretation of Section 111 that is not consistent with the statute's plain text or pertinent authority.

Respectfully submitted,

JEANINE F. PIRRO
UNITED STATES ATTORNEY
NY Bar Number 1387455

By:    /s/ Jacob M. Green
JACOB M. GREEN
Assistant United States Attorney
MA Bar Number 706143
601 D Street NW
Washington, D.C. 20530
(202) 803-1617
Jacob.green3@usdoj.gov