UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 1:25-cr-164 (JMC) |
| v. | : | |
| | : | |
| EMILY GABRIELLA SOMMER | : | |
| | : | |
| *Defendant.* | : | |

**UNITED STATES' MOTION *IN LIMINE* AND NOTICE TO ADMIT CERTAIN EVIDENCE**

The United States of America respectively moves *in limine* for a pretrial order finding authentic and provisionally admitting at trial self-authenticating records pursuant to Rule 902 of the Federal Rules of Evidence, including but not limited to Rule 902(1) and (11). Specifically, the government provides notice that it intends to introduce at trial records provided by X pursuant to Rule 902(11) as well as sealed and signed public documents relating to the appointment and resignation of Edward R. Martin as Interim United States Attorney for the District of Columbia pursuant to Rule 902(1).

In support of its motion and notice, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this notice and/or in supplemental briefing.

**ISSUES AND ANALYSIS**

To authenticate a document, the proponent "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The threshold for authenticity is "not high," nor is the proponent required to "rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be." *United States v. Hassanshahi*, 195 F. Supp. 3d 35, 48 (D.D.C. 2016) (citations and quotation marks

1

omitted); *see also United States v. Safavian*, 435 F. Supp.2d 36, 39 (D.D.C. 2006) ("The Court need not find that the emails are necessarily what the proponent claims, only that there is evidence sufficient for the jury to make such a finding." (citation omitted)). The authenticity of this evidence that the government intends to introduce can be readily established by testimony of a law enforcement agent with knowledge of the collection process. *See Braswell v. United States*, 487 U.S. 99, 119 (1988) (explaining that government may authenticate records through testimony "establishing that the corporation produced the records subpoenaed" and the "jury may draw from the corporation's act of production the conclusion that the records in question are authentic" and "produced in response to the subpoena"). Evidence also may be self-authenticating, requiring no extrinsic evidence of authenticity. *See* Fed. R. Evid. 902.

**(1) Self-Authenticating Business Records Are Admissible Pursuant To Rule 902(11)**

The government intends to admit certain business records during its case-in-chief. The Federal Rules of Evidence allow for business records to be admitted in evidence at trial without a custodian of records testifying to their authenticity. *See* Fed. R. Evid. 902(11). This pleading, therefore, formally provides notice of the government's intent to use certifications pursuant to Rule 902(11) and/or any other applicable rule, and seeks a pretrial ruling as to the authenticity and provisional admission of the records subject to those certifications.[1] The relevant records have been provided previously in discovery. For those records of which the government already has certificates of authenticity, the certificates also have been produced.

Specifically, the government's trial exhibits may include specific records and documents

---

[1] Here, as the rules allow, the government intends to admit the certified records themselves and not the certifications. And, regardless of the manner in which the records are authenticated, questions about their authenticity, ultimately, go to the weight the jury should give the evidence, not its admissibility. *See Hassanshahi*, 195 F. Supp. 3d at 48 ("The ultimate resolution of the evidence's authenticity is reserved for the jury.").

from the following custodian: X (formerly Twitter).[2]

As relevant to the business records described above, it is well established that such documents can be readily authenticated through certifications complying with Rule 902(11). *United States v. Foster*, No. 1:20-cr-186, 2024 U.S. Dist. LEXIS 8123, at **5-9 (N.D. Ohio Jan. 17, 2024) (finding records self-authenticating under Rules 902(11) where accompanied by certifications "signed by a custodian of the record" that "provide that the records were made at or near the time of each act, that they were made as a regular practice, and that the records were kept in the course of regularly conducted business activity"); *see also United States v. Edwards*, No. 11-129-1, 2012 U.S. Dist. LEXIS 163044, at *7 (D.D.C. Nov. 15, 2012) (finding business records self-authenticating where supported by certification of records custodian and holding that "[a]t least five separate Circuits have held that certifications used pursuant to Federal Rule of Evidence 902(11) to authenticate business records are not testimonial and can be used to lay a foundation for the admissibility of business records under Rule 803(6). The certifications merely establish the procedures through which the underlying records were made. The business records—not the certifications—are used to establish facts against the defendant at trial."). So long as a record satisfies the requirements of Rule 902, it is self-authenticating and "require[s] no extrinsic evidence of authenticity in order to be admitted[.]" Fed. R. Evid. 902.

The above-referenced business records include or will include a certification that complies with the dictates, and furthers the judicial efficiency purposes, of Rule 902, and easily meets the minimal requirements for authenticating certain pieces of evidence. To avoid wasting the jury and

---

[2] The government reserves its right to provide notice regarding additional records closer to trial. Should the Court require it, the government can supplement this filing after it receives any outstanding certifications or after it finalizes its exhibit list.

this Court's time, as well as to avoid the cost of travel and lodging for custodians, the government will seek to admit those records without testimony from a custodian. Accordingly, the government requests that this Court rule that documents accompanied (or to be accompanied) by valid certifications are authentic and provisionally admissible under Rule 902(11) and/or any other applicable rule as demonstrated by the relevant certification and Rule 803(6).[3] The government recognizes that the defendant has a right to object on other grounds if and when these documents are offered at trial.

### (2) Self-Authenticating Sealed and Signed Public Documents Are Admissible Pursuant To Rule 902

The government also anticipates introducing in its case-in-chief the following sealed and signed public documents: the Appointment Order of Edward R. Martin ("Martin") to be the Interim United States Attorney for the District of Columbia dated January 20, 2025, the resignation letter sent by Martin on May 13, 2025, and the Appointment Order of Martin to be the Interim United States Attorney dated May 13, 2025. These documents bear a seal purporting to be that of the United States or a department of the United States and a signature purporting to be an execution or attestation. All of these documents have been provided in discovery.

These documents are admissible under Rule 902(1) because they bear a "seal purporting to be that of ... [an] agency [of the United States]" and "a signature purporting to be an execution or attestation." *McKenzie-Willamette Reg'l Med. Ctr. Assocs., LLC v. Nat'l Lab. Rels. Bd.*, 671 F. App'x 1, 2 (D.C. Cir. 2016). This pleading, therefore, formally provides notice of the

---

[3] For business records to satisfy Rule 902(11), they also must "meet[] the requirements of Rule 803(6) (A)-(C), as shown by a certification of the custodian or another qualified person." Fed. R. Evid. 902(11). Consequently, a business record that complies with Rule 902(11) and is self-authenticating also will generally be excepted under the hearsay rules as a business record. Fed. R. Evid. 803(6).

government's intent to introduce such self-authenticating records at trial. The government recognizes that the defendant has a right to object on other grounds if and when these documents are offered at trial.

## **CONCLUSION**

To ensure a smooth trial, to make efficient use of the jury and Court's time, and to address prior to trial which, if any, live witnesses the government must call solely for the purpose of authenticating certain evidence, the government provides this notice in accordance with Rule 902 of the Federal Rules of Evidence and moves to authenticate and provisionally admit self-authenticating business records accompanied (or to be accompanied) by Rule 902 certifications, along with sealed and signed public documents.

Respectfully submitted,

JEANINE F. PIRRO
UNITED STATES ATTORNEY
NY Bar Number 1387455

By:   /s/ Jacob M. Green
JACOB M. GREEN
Assistant United States Attorney
MA Bar Number 706143
601 D Street NW
Washington, D.C. 20530
(202) 803-1617
Jacob.green3@usdoj.gov