UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No.  25-CR-164 (JMC) |
| | : | |
| v. | : | |
| | : | |
| EMILY GABRIELLA SOMMER, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the Defendant's request to apply the Zero-Point Offender adjustment.

**FACTUAL AND PROCEEDURAL HISTORY**

Ms. Sommer pleaded guilty to three counts of 18 U.S.C. § 111(a)(1).  Pursuant to the plea agreement, Ms. Sommer admitted she kicked two federal law enforcement officers.  ECF 54 at 2.  Yet she asks this Court to find that she "did not use violence" despite the plain meaning of those words and the contrary recommendation of Probation.  ECF 56 at 19.

**DISCUSSION AND RECOMMENDATION**

I.      **Ms. Sommer is not eligible for a reduction under § 4C1.1.**

"[T]he defendant bears the burden in seeking sentencing reductions" under the Guidelines.  *United States v. Keleta*, 552 F.3d 861, 866 (D.C. Cir. 2009).  Facts relevant to sentencing must generally be established by a preponderance of the evidence.  *See* U.S.S.G. § 6A1.3 cmt.; *see also United States v. Watts*, 519 U.S. 148 (1997) (per curiam).

Section 4C1.1 ("Adjustment for Certain Zero-Point Offenders") provides for a two-level reduction in offense level for defendants who meet various criteria including "the defendant did not use violence or credible threats of violence in connection with the offense . . . ." U.S.S.G. § 4C1.1(a)(3). Neither section 4C1.1 nor any other provision of the Guidelines defines the term "use violence," and the D.C. Circuit has yet to provide guidance as to the meaning of a similar term, "threat to use violence," used in section 2D1.1(b)(2). *United States v. Williams*, No. CR 21-618 (ABJ), 2024 WL 1239989, at *2 (D.D.C. Mar. 22, 2024) (citing *United States v. Johnson*, 64 F.4th 1348, 1352 (D.C. Cir. 2023). A court is this district defined "violence," for the purposes of evaluating the applicability of § 4C1.1, as "[t]he use of physical force," typically "accompanied by fury, vehemence, or outrage" and "unlawfully exercised with the intent to harm" or "the exertion of any physical force so as to injure or abuse." *United States v. Bauer*, No. 21-cr-386-2 (TNM), ECF No. 195 at 4-5; *see also United States v. Hernandez*, No. 21-cr-445 (CKK), ECF No. 65 at 5 (adopting Judge McFadden's definition of violence from *Bauer*). Another court cited those same definitions along with "[t]he deliberate exercise of physical force against a person, property, etc.; physically violent behaviour or treatment;" and "the unlawful exercise of physical force, intimidation by the exhibition of such force." *Williams*, 2024 WL 1239989, at *2. That same court noted that a finding that a defendant has been convicted of 18 U.S.C. § 111 "goes a long way towards disqualifying the defendant since the definitions of 'violence' involve the deliberate use of force." *Id*.

In the Statement of Offense in Support of a Guilty Plea, Ms. Sommer admitted that she kicked Deputy United States Marshall Jeffrey Martin as deputies attempted to put Ms. Sommer in the transport vehicle and kicked Deputy United States Marshall Megan Kirn inside the transport

2

vehicle. ECF 54 at 2. Ms. Sommer further admitted that her actions were voluntary, on purpose, not the product of mistake or accident, and without legal justification. *Id*. at 3.

The Defense attempts to distinguish this case from several other § 111 cases but points to no case in which a court applied the Zero-Point Offender reduction to a Defendant convicted under § 111. Def. Memorandum in Aid of Sentencing, at 5-7. The Government is not aware of any such case. To support her position, Ms. Sommer cites only one case, *United States v. Yang*, in which the Defendant was not convicted of § 111. No. 23-cr-100 (JDB), 2024 WL 519962, *2 (D.D.C. February 9, 2024). In that case, the court concluded that the defendant briefly made contact with two officers with no "fury, vehemence, or outrage." *Id*. at 4. Specifically, according to the court, the defendant "briefly grabbed an officer's wrist" then "released it almost instantly and put his hands back up in the air, shaking them and shaking his head." *Id*. at 1. Not long after, the Defendant briefly grabbed an officer's baton then let go quickly. *Id*.

Here, by her own admission, Ms. Sommer purposely kicked two law enforcement officers without any legal justification. ECF 54 at 2–3. Ms. Sommer further admitted that those kicks involved force and physical contact. *Id*. Those actions plainly involve the use of violence, and Ms. Sommer has not met her burden to establish that this Court should disregard the plain meaning of § 4C1.1 and the recommendation of Probation.

## **CONCLUSION**

For these reasons, Ms. Sommer has not met her burden to show that she is entitled to the application of the Zero-Point Offender reduction.

                                                Respectfully submitted,

                                                JEANINE F. PIRRO
                                                UNITED STATES ATTORNEY

        NY Bar Number 1387455

By:    /s/ Jacob M. Green
       JACOB M. GREEN
       Assistant United States Attorney
       MA Bar Number 706143
       601 D Street NW
       Washington, D.C. 20530
       (202) 803-1617
       Jacob.green3@usdoj.gov