UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 25-cr-164 (JMC) |
| ) | |
| EMILY SOMMER ) | |
| ) | |

### DEFENDANT EMILY SOMMER'S SUPPLEMENT TO SENTENCING MEMORANDUM

Emily Sommer, through counsel, submits the following supplement to the sentencing memorandum filed previously. First, additional letters of support were submitted to counsel after the initial memorandum was filed and are attached here as Exhibit C to the sentencing memorandum.

Second, as described in Ms. Sommer's sentencing memorandum, many cases that were originally filed in District Court charging 18 U.S.C. § 111(a) have recently been dismissed and, in some cases, refiled as misdemeanor charges in Superior Court where the individual would face a maximum of six months incarceration. Three of those cases are particularly relevant here.

First, *United States v. Kristal Rios Esquivel*, No. 25-mj-162. On August 22, 2025, Ms. Esquivel was charged by complaint with one count of § 111(a) and one count of unlawful entry. The complaint alleges that Ms. Esquivel (1) "spat saliva" onto one officer's face, (2) "kicked" another officer "on his left leg" as he attempted to get her into the transport vehicle, and (3) spat at the second officer. Statement of Facts at 1-2, ECF No. 1-1, *United States v. Esquivel*, No. 25-mj-162. These facts are strikingly similar to the facts of Ms. Sommer's case, excluding spiting at Ed Martin. Ms. Esquivel's federal case was dismissed and no case has been filed in Superior Court according to the public electronic filing system.

1

Second, *United States v. Renita McIntyre*, No. 25-mj-185. On August 27, 2025, Ms. McIntyre was charged by complaint with one count of § 111(a). The complaint alleges that during an "investigative stop" Ms. McIntyre (1) "spit in the face" of a Deputy U.S. Marshal, which hit him "in the eye and face," (2) shouted she would spit on him again, (3) kicked another Deputy U.S. Marshal "in the front of one of her legs." Statement of Facts at 1, ECF No. 1-1, *United States v. McIntyre*, No. 25-mj-185. Again, in a case very similar to Ms. Sommer's, the federal case was dismissed. A misdemeanor case was filed in Superior Court.

Third, *United States v. Jamar Byrd*, No. 25-mj-208. On September 6, 2025, Mr. Byrd was charged by complaint with one count of § 111(a). The complaint alleges that Mr. Byrd (1) headbutted one officer "in the face and kicked him in his left leg," (2) kicked two additional officers "multiple times each in the leg," and (3) "licked" another officer "on his shirt and grabbed him by his shirt and then proceeded to kick" the officer. Statement of Facts at 2, ECF No. 1-1, *United States v. Byrd*, No. 25-mj-208. While licking and spitting are not exactly the same, the conduct is sufficiently similar to Ms. Sommer to be a valuable comparator. Again, the federal case against Mr. Byrd was dismissed. A misdemeanor case was filed in Superior Court.

The fact that the government is proceeding in substantially similar cases with only misdemeanor charges, demonstrates that the government's requested sentence would create unwarranted sentencing disparities and shows that Ms. Sommer's requested sentence of time served (four months of incarceration) would not create such disparities.

For the foregoing reasons, and all the reasons set forth in Ms. Sommer's sentencing memorandum, a time served sentence is sufficient but not greater than necessary to satisfy the purposes of punishment.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

*/s/ Diane Shrewsbury*
Diane Shrewsbury
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500